# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE EVANS,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF NEVADA *ex rel* THE NEVADA BOARD OF PRISON COMMISSIONERS, *et al.*,<br><br>        Defendants. | Case No. 2:15-cv-01885-APG-NJK<br><br>**ORDER** |

## I. DISCUSSION

This action was initiated by a civil rights complaint filed by Plaintiff in the Eighth Judicial District on April 22, 2014. Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). On September 15, 2015, Plaintiff, represented by counsel, filed his First Amended Complaint and on October 1, 2015, the Defendants filed their Notice of Removal based upon new allegations under § 1983. (*See* ECF No. 1, ECF No. 9 at 1-3). Plaintiff has paid the full filing fee in this matter. (ECF No. 1).

In the parties' Joint Status Report submitted on November 2, 2015, at the request of the Court, the parties requested that the Court screen the case pursuant to 28 U.S.C. § 1915A. (*See* ECF No. 9 at 4).

The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Section 1915A does not expressly differentiate between represented and unrepresented prisoner cases with regard to screening, and there is no authority addressing this issue. This Court typically does not screen § 1983 prisoner cases where the Plaintiff is represented by counsel. For one thing, the pleading obligations of an attorney under Fed. R. Civ. P. 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise patently noncognizable on their face. Pro se litigants are not attorneys and should not be expected to know how to draft pleadings as if they were. Judicial screening of prisoner complaints serves to prevent prisoner complaints which are truly difficult if not impossible to understand from being served upon defendants. Screening of represented cases to decipher the allegations and claims is usually unnecessary. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding."); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage"). The parties' request for screening is DENIED. This case shall proceed on the normal litigation track guided by the Federal Rules of Civil Procedure.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court will not issue a screening order in this case. IT IS FURTHER ORDERED that this case shall proceed on the normal litigation track guided by the Federal Rules of Civil Procedure.

DATED: December 23, 2015.

_____
Nancy J. Koppe
United States Magistrate Judge