UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE D. EVANS, <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF PRISON COMMISSIONERS, et al., <br><br> Defendants. | Case No. 2:15-cv-01885-APG-NJK <br><br> ORDER GRANTING MOTION TO SERVE BY PUBLICATION <br><br> (Docket No. 13) |

Pending before the Court is Plaintiff's motion for leave to serve Defendant Arthur Lindsey by publication. Docket No. 13. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **GRANTED**.

Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has

departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. N.R.C.P. 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating he diligently attempted to serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, the Court finds that Plaintiff has diligently attempted to locate Defendant to enable service. *See, e.g.*, Docket No. 13 at 2, 6-9. For example, Plaintiff hired a process server who has attempted to serve Defendant on numerous occasions. The process server attempted to serve Defendant at work, conducted checks to determine his address, and attempted to serve him at more than one address several times. Moreover, the process server spoke with Defendant's sister, who would not reveal his whereabouts, but took a message for him. Defendant telephoned the process server, and stated that he will not accept service. The Court will therefore permit Plaintiff to serve Defendant by publication.

Accordingly, the Court **GRANTS** the motion for service by publication. Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

(a) Serve Defendant Arthur Lindssey by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

(b) After publication is complete, Plaintiff shall file an Affidavit of Publication from the Nevada newspaper.

IT IS SO ORDERED.

DATED: January 5, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge